In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00151-CR


______________________________




TOMMY WALTER DARLING, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0518225




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A jury found Tommy Walter Darling guilty of aggravated sexual assault in several cases,
which were consolidated and tried together. Each conviction was appealed separately, but with the
exception of two issues, the briefs and arguments raised in each appeal are identical.

Admission of Counseling Records Under Medical Treatment Exception

 In the two issues specifically related to his conviction in this case, Appellant contends the
trial court erred by admitting the complainant's counseling records into evidence pursuant to the
medical records exception to the hearsay rule. See Tex. R. Evid. 802 (hearsay rule), 803(4)
(exception for statements for purposes of medical diagnosis or treatment). Appellant objected to the
admission of the records at trial on the basis that the statements contained in these records were not
necessary for medical diagnosis. The trial court, specifically noting our opinion in Wilder v. State,
111 S.W.3d 249, 255-57 (Tex. App.--Texarkana 2003, pet. ref'd), and other cases the lower court
had researched, overruled the objection and permitted admission of the disputed State's exhibits. 

 We review a trial court's decision to admit or exclude evidence for abuse of discretion. Id.
at 255 (citing Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g)). 

 State's Exhibits 6 and 7 contain the counselor's notes from several different sessions with the
complainant. These notes describe the complainant's feelings, her current activities, and how she
has been coping emotionally with the aftermath of the abuse. The notes repeatedly mention her
psychological difficulties in dealing with anger issues in the context of family dynamics. 

 Appellant did not limit his trial objections to any specific counseling session(s); instead, he
merely launched a global objection to all these records. We, therefore, conclude Appellant's failure
to distinguish those particular records (which he believed contained inadmissible evidence) from
records that were otherwise properly admissible amounted to nothing more than a global objection
that was insufficient to preserve this issue for appellate review. Dunnington v. State, 740 S.W.2d
896, 896-97 (Tex. App.--El Paso 1987, pet. ref'd).

 Additionally, based on our review of the documents, we conclude the trial court did not abuse
its discretion because these documents arguably relate to the counselor's diagnosis and treatment of
the complainant's emotional and psychological conditions. We overrule Appellant's fifth and sixth
points of error.

Appellant's Remaining Issues

 Since Appellant's remaining appellate issues are identical to the issues presented in
Appellant's companion appeal, we overrule those remaining issues for the reasons stated in Darling
v. State, cause number 06-06-00148-CR.

 We affirm the trial court's judgment.


 Bailey C. Moseley

 Justice


Date Submitted: April 2, 2008

Date Decided: August 13, 2008


Do Not Publish